| | | |
|---|---|---|
| ALYSSA LEBOUEF, individually and on behalf of her minor child, GRACE LEBOUEF | * | 32nd JUDCIAL DISTRICT COURT |
| VERSUS NUMBER 174293 | * | PARISH OF TERREBONNE |
| BRYAN J. HEENAN, ENERGY SERVICES, INC., ACE AMERICAN INSURANCE COMPANY AND PROGRESSIVE SECURITY INSURANCE COMPANY | * | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

The petition of plaintiff, ALYSSA LEBOUEF, individually and on behalf of her minor child, GRACE LEBOUEF, of the full age of majority, a resident of the parish of Terrebonne, State of Louisiana, appearing herein through undersigned counsel of record, who respectfully represents as follows,

I.

Made defendants herein are:

1) BRYAN J. HEENAN, person of the full age of majority, and a resident of Duncan, Oklahoma; and

2) ENERGY SERVICES INC., a foreign corporation, domiciled under the laws of the State of Delaware, authorized to do and doing business in the State of Louisiana;

3) ACE AMERICAN INSURANCE, a foreign insurer, authorized to do and doing business in the State of Louisiana; and,

4) <u>PROGRESSIVE INSURANCE COMPANY</u>, a foreign insurer authorized to do and doing business in the Parish of Terrebonne, State of Louisiana as the insurance provider of Alyssa Lebouef.

II.

The above named defendants are indebted individually, jointly and in solido to petitioner, Alyssa Lebouef, individually and on behalf of her minor child, Grace Lebouef, for such damages as are reasonable in the premises, together with legal interest from date of judicial demand until paid and for all costs of these proceedings, by reason of the following:

**JOHN R. WALKER**
**JUDGE - DIVISION B**


EXHIBIT 1

III.

On April 17, 2014, petitioner, Alyssa Lebouef, was operating a 2002 Ford Escort in a southerly direction on Louisiana Highway 316, in the Parish of Lafourche, State of Louisiana, and was at a complete stop due to congestion.

IV.

At the time and on the date mentioned above, defendant, Bryan Heenan, was operating a 2013 Ford F-350 truck owned by Energy Services Inc. in a southerly direction on Louisiana Highway 316, in the Parish of Lafourche, State of Louisiana, when said defendant, Bryan Heenan, who was in front of plaintiffs' vehicle, suddenly and without warning backed into the front of the plaintiffs' vehicle as he was improperly backing up on Louisiana Highway 316 causing the injuries to plaintiffs herein.

V.

At the time and on the date mentioned above, defendant, Bryan Heenan, was operating the 2013 Ford F-350 truck in the course and scope of his employment for Energy Services, Inc., and therefore, Energy Services, Inc. is liable unto plaintiffs pursuant to the doctrine of respondeat superior.

VI.

At all times pertinent the defendants, Bryan Heenan and Energy Services, Inc., was insured under a policy of liability insurance issued by defendant, Ace American Insurance Company, which was in full force and effect at the time of the accident herein and provides liability coverage for the plaintiffs damages.

VII.

A legal and proximate cause of the collision described above was the negligence and fault of defendant, Bryan Heenan, in the operation of his vehicle, which negligence and fault consisted of the following, non-exclusive particulars:

a) Failure to maintain reasonable and proper control of the vehicle he was operating;

b) Failure to keep a proper lookout;

c) Failure to see that which he should have seen;

d) Operation of his vehicle in violation of Louisiana Revised Statute, La R.S. 32:281;

e) Driving in an improper, imprudent, reckless and careless manner;

f) Failure to pay proper attention to his driving duties;

g) Striking petitioners vehicle; and

h) Any and all other acts or omissions constituting negligence or fault which may be proven at the trial of this action or discovered prior thereto.

VIII.

As a result of the collision described above, petitioner, Alyssa Lebouef and her minor child Grace Lebouef, suffered personal injuries including, but not limited to, serious and disabling injuries which have caused and will continue to cause physical and mental pain, suffering, discomfort and permanent disability.

IX.

As a result of her injuries, petitioner, Alyssa Lebouef, has incurred medical and pharmaceutical expenses for the treatment of her injuries, and on information and belief will incur additional medical and pharmaceutical expenses for the future treatment of her injuries.

X.

At all times pertinent, the plaintiff, Alyssa Lebouef, was insured under an uninsured/underinsured policy of insurance with Progressive Security Insurance Company and which was in effect at the time of the accident that provides uninsured/underinsured motorist insurance to the plaintiff.

XI.

As a result of the personal injuries suffered by petitioner, petitioner has sustained damages as follows:

a) General damages, including past and future physical and mental pain, suffering and discomfort, permanent disability and disfigurement and loss of enjoyment of life;

b) Past and future medical and pharmaceutical expenses; and

c) Past and future loss of income and loss of earning capacity.

WHEREFORE, petitioners, ALYSSA LEBOUEF, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, GRACE LEBOUEF, pray that:

I. The named defendants, BRYAN HEENAN, ENERGEY SERVICES, INC., ACE AMERICAN INSURANCE COMPANY AND PROGRESSIVE SECURITY INSURANCE COMPANY, each be served with a certified copy of this petition and cited to appear and answer same within fifteen (15) days of the date of such service;

II. After all due delays and legal proceedings are had, there be judgment rendered in favor of petitioners, ALYSSA LEBOUEF, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, GRACE LEBOUEF, and against the defendants, BRYAN HEENAN, ENERGEY SERVICES, INC., ACE AMERICAN INSURANCE COMPANY AND PROGRESSIVE SECURITY INSURANCE COMPANY, individually, jointly and in solido, for such damages as are reasonable in the premises, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings;

III. For all general and equitable relief.

RESPECTFULLY SUBMITTED:

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE; HOUMA
LA. APR 0 9 2015 , 20
BY _____
Deputy Clerk of Court

WAITZ & DOWNER

_____
MARY W. RIVIERE (#19201)
DAVID PELLEGRIN (34957)
423 Goode Street; PO Box 7015
Houma, LA 70361
Phone (985) 876-0870
Fax (985) 876-0213
*Attorney for Plaintiffs*

PLEASE SERVE:

1) BRYAN HEENAN
Through the Louisiana Long Arm Statute
1210 Randall Court
Duncan, OK 73533

FILED
MAR 3 1 2015
/s/ Ramie A. Hebert
Deputy Clerk of Court
Parish of Terrebonne, LA

2) ENERGY SERVICES INC.
Through the Louisiana Long Arm Statute
1015 Bois d'Arc
Duncan, OK 73536

4) ACE AMERICAN INSURANCE COMPANY
Through the Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

5) PROGRESSIVE SECURITY INSURANCE COMPANY
Through its registered agent,
CT Corporation System
5615 Corporate Boulevard Suite 400B
Baton Rouge, LA 70808

# THERESA A. ROBICHAUX
# TERREBONNE PARISH CLERK OF COURT
P. O. Box 1569, Houma, LA 70361-1569
7856 Main Street, Houma, LA 70360
Main Office: (985) 868-5660
Civil Dept. Fax: (985) 868-8166



Date: _____May 6, 2015_____

Sent to: __Christovich Kearney__

Attention: __James Holmes__

Fax Number: __504-561-5743__

**IN RE:**

Plaintiff: __Alyssa Leboeuf__

VS. **174292**

Defendant: __Bryan Heenan__

Please be advised this office received the following fax filing on the above entitled civil matter on _____May 5, 2015_____:

Answer
Request of Notice

Total number of pages received by fax (including cover sheet): ___8___

The "estimated cost" to file the fax filing, the original petition and the exhibits (if applicable) and the transmission fee: $ __132.00__

R.S. 13:850
B. Within seven days, exclusive of legal holidays, after the clerk has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with requirements of Subsection B, the facsimile filing shall have no force or effect.

Ramie A. Hebert
Deputy Clerk of Court
Terrebonne Parish, LA
(985) 868-5660 --- ext ____

**EXHIBIT**
2

Revised: 08/02/2012

### 32ND JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE

### STATE OF LOUISIANA

NO. 174292

ALYSSA LEBOUEF, individually and on behalf of
her minor child, GRACE LEBOUEF

VERSUS

BRYAN J. HEENAN, ENERGY SERVICES, INC.,
ACE AMERICAN INSURANCE COMPANY AND
PROGRESSIVE SECURITY INSURANCE COMPANY

FILED: _____        _____
                                          DEPUTY CLERK

### ANSWER

NOW INTO COURT, through undersigned counsel, come Defendants, Bryan J. Heenan, Halliburton Energy Services, Inc., improperly named, cited and served as Energy Services, Inc., and ACE American Insurance Company, who for answer to the plaintiff's petition for damages avers as follows:

I.

The allegations contained in Paragraph I of plaintiffs' Petition for Damages are denied except to admit the status of defendants Bryan J. Heenen and ACE American Insurance Company.

II.

The allegations contained in Paragraph II of plaintiffs' Petition for Damages are denied.

III.

The allegations contained in Paragraph III of plaintiffs' Petition for Damages are denied for lack of information sufficient to justify a belief therein.

IV.

The allegations contained in Paragraph IV of plaintiffs' Petition for Damages are denied.

V.

The allegations contained in Paragraph V of plaintiffs' Petition for Damages are denied.

VI.

The allegations contained in Paragraph VI of plaintiffs' Petition for Damages are denied expect to admit that ACE American Insurance Company issued a policy of insurance, which policy being a written contract is the best and only evidence of its terms, conditions, limitations, and exclusions and which is pled herein, as if copied and attached hereto in extenso, and any allegations or variances therewith are specifically denied.

VII.

The allegations contained in Paragraph VII of plaintiffs' Petition for Damages are denied.

VIII.

The allegations contained in Paragraph VIII of plaintiffs' Petition for Damages are denied for lack of information sufficient to justify a belief therein.

IX.

The allegations contained in Paragraph IX of plaintiffs' Petition for Damages are denied for lack of information sufficient to justify a belief therein.

X.

The allegations contained in Paragraph X of plaintiffs' Petition for Damages are denied for lack of information sufficient to justify a belief therein.

XI.

The allegations contained in Paragraph XI of plaintiffs' Petition for Damages are denied for lack of information sufficient to justify a belief therein.

XII.

FURTHER ANSWERING, plaintiffs' Petition for Damages fails to state a cause of action against respondents upon which can be granted.

XIII.

FURTHER ANSWERING, plaintiffs' Petition for Damages is prescribed.

XIV.

FURTHER ANSWERING, respondents aver the legal cause of the accident at issue herein was the negligence of plaintiff, Alyssa Lebouef, in the following particulars:

1. Failing to see what she should have seen;

2. Failing to take proper precautions to avoid an accident;

3. Driving in a reckless and careless manner;

4. Failing to obey the traffic laws of the State; and/or

5. Any other acts of negligence or fault to be shown at the trial of this matter, all of which are in violation of ordinary prudence and care of the laws of the State of Louisiana.

XV.

FURTHER ANSWERING, and in the alternative, defendants aver that in accordance with the foregoing acts of negligence or fault, that plaintiff, Alyssa Lebouef, should be assigned a percentage of comparative fault reducing any judgment in plaintiff's favor in accordance therewith, all in accordance with the laws of Louisiana.

XVI.

FURTHTER ANSWERING, and in the alternative, respondents aver plaintiffs' damages, if any, were the result of an unavoidable accident, were caused by the acts of a third party for whom respondents are not liable and, therefore, have no legal responsibility.

XVII.

FURTHER ANSWERING, defendants aver plaintiffs have failed to mitigate their damages, if any, as required by law.

XVIII.

FURTHER ANSWERING, defendants pray for trial by jury.

WHEREFORE, defendants, Bryan J. Heenan, Halliburton Energy Services, Inc., improperly named, cited and served as Energy Services, Inc., and ACE American Insurance Company, pray that this answer to plaintiff's Petition for Damages be deemed good and sufficient and after due proceedings are had that there be judgment rendered herein in their favor dismissing plaintiff's petition at their cost and prejudice.

3

Respectfully submitted:

*[signature]*

JAMES A. HOLMES (#20571)
ADREJIA L. BOUTTE (#30132)
CHRISTOVICH & KEARNEY
2300 Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Attorneys for Defendants, ACE American Insurance
Company, Bryan J. Heenan and Halliburton Energy
Services, Inc.

## CERTIFICATE

This is to certify that a copy of the above and foregoing has been served upon counsel of record by facsimile and by depositing same in the United States Mail, postage pre-paid, this 5th day of May, 2015, at New Orleans, Louisiana.

*[signature]*

JAMES A. HOLMES

4836-7276-0611, v. 1

ALYSSA LEBOUEF, individually and on behalf of her minor child, GRACE LEBOUEF

VERSUS NUMBER 174292

BRYAN J. HEENAN, ENERGY SERVICES, INC., ACE AMERICAN INSURANCE COMPANY AND PROGRESSIVE SECURITY INSURANCE COMPANY

FILED: MAY -1 2015

32ND JUDICIAL DISTRICT COURT

MAY 0 1 2015

F.P.C.C.

PARISH OF TERREBONNE

STATE OF LOUISIANA

_____
DEPUTY CLERK

## ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY TRIAL

NOW INTO COURT, by and through undersigned counsel, comes defendant, Progressive Security Insurance Company (hereafter "Progressive"), incorrectly referred to as "Progressive Insurance Company" in the original Petition for Damages, who avers with respect, as follows:

I.

The defendant, Progressive, denies the allegations of paragraph I of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

II.

The defendant, Progressive, denies the allegations of paragraph II of the plaintiffs' Petition for Damages as it relates to Progressive and further denies the remainder of the allegations for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

III.

The defendant, Progressive, denies the allegations of paragraph III of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

IV.

The defendant, Progressive, denies the allegations of paragraph IV of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.



EXHIBIT 3

V.

The defendant, Progressive, denies the allegations of paragraph V of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

VI.

The defendant, Progressive, denies the allegations of paragraph VI of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

VII.

The defendant, Progressive, denies the allegations of paragraph VII of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

VIII.

The defendant, Progressive, denies the allegations of paragraph VIII of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

IX.

The defendant, Progressive, denies the allegations of paragraph IX of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

X.

The defendant, Progressive, denies the allegations of paragraph X of the plaintiffs' Petition for Damages as written, except to state that if Progressive issued an insurance policy, said policy of insurance is the best evidence of its terms, provisions, applications and limits.

XI.

The defendant, Progressive, denies the allegations of paragraph XI of the plaintiffs' Petition for Damages for a lack of knowledge or information sufficient to justify a belief as to the truth thereof.

XII.

The defendant, Progressive, requests a trial by jury.

AND NOW, FOR FURTHER ANSWER, your defendant avers as follows:

XIII.

Any damages awarded to the plaintiffs should be proportionately reduced by their percentage of fault for contributory negligence, comparative negligence, victim fault and/or assumption of the risk, all of which serve to totally bar and/or diminish any recovery herein and which may be shown at the trial of this matter.

XIV.

Continuing further in the alternative, defendant avers that the alleged damages suffered by the plaintiffs, if any, were caused solely and entirely by the negligence, fault or actions of persons, entities, or corporations for whom defendant neither had nor has any responsibility for and cannot be held legally liable.

XV.

Continuing further in the alternative, any damages awarded to the plaintiffs should be proportionately reduced by the percentage of fault of all released or prospectively released joint and/or solidary obligors, whether named or not named.

XVI.

Progressive Security Insurance Company has acted reasonably and in good faith at all times in connection with the handling of the above captioned matter and specifically avers that plaintiffs have failed to provide satisfactory proof of loss.

XVII.

Plaintiffs failed to mitigate their damages.

XVIII.

Defendant, Bryan Heenan, was not underinsured and/or uninsured

XIX.

Plaintiffs' injuries were not caused by the accident in question.

WHEREFORE, defendant, Progressive Security Insurance Company, prays that its Answer be deemed good an sufficient, and after all due proceedings, there be judgment herein in favor of the defendant, Progressive Security Insurance Company, and against the plaintiffs,

rejecting the plaintiffs' demand and dismissing their Petition for Damages with prejudice, at their cost, and for all general and equitable relief.

Respectfully submitted,

CASLER, BORDELON & LAWLER

_____
John J. Erny, III (#28885)
2450 Severn Avenue, Suite 200
Metairie, Louisiana 70001
Telephone : 504-434-3010
Facsimile : 866-841-8756
Attorneys for Progressive Security Insurance Company

CERTIFICATE OF SERVICE

I hereby certify that I have on this _____ day of April, 2015, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing a copy of same by U.S. Mail, postage pre-paid.

_____
John J. Erny, III